IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CHURCHILL MORTGAGE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY MILLER,<br><br>    Defendant. | Case No. 3:25-cv-00765<br>Judge Trauger |

## AGREED PRELIMINARY INJUNCTION

This matter comes before the Court on the stipulation of all parties hereto by and through their counsel of record. The Plaintiff, Churchill Mortgage Corporation ("Churchill"), filed a motion for a temporary restraining order on July 11, 2025. The Court granted the temporary restraining order on July 11, 2025, conditioned on the posting of a $5,000 surety bond. Churchill posted the bond on July 16, 2025. The Court has set a preliminary injunction hearing for July 24, 2025.

As a compromise regarding Plaintiff's request for preliminary injunctive relief, and to avoid further inconvenience to the parties, including but not limited to further investments of time and expense, the parties stipulate to the entry of this Agreed Order pending resolution of this matter on the merits or otherwise. By consenting to this Agreed Preliminary Injunction, no party admits any allegation of wrongdoing or liability asserted in the litigation, and no party waives any claims or defenses in this matter. The entry of this order does not entitle any party to the recovery of any legal fees or expenses from any other party.

The parties having agreed and the Court being duly advised in the premises, the Court hereby finds that an Agreed Order for Preliminary Injunction, upon the terms and conditions set out herein, should be granted.

It is, therefore, ORDERED, ADJUDGED, AND DECREED as follows:

1. This Agreed Preliminary Injunction supplants the Temporary Restraining Order issued on July 11, 2025, that became effective on July 16, 2025.

2. Plaintiff, Jeffrey Miller ("Miller"), has provided to Churchill copies of any documents or electronically stored information belonging to Churchill, or which contain information belonging to Churchill that he has been able to locate in his possession and has certified that he has done so. Upon completion of the forensic examination set forth below, including deletion of Churchill's information from Miller's electronic devices and accounts, Miller shall not retain any information belonging to Churchill, other than information retained by his attorneys as necessary to defend Miller in this litigation. To the extent additional documents or electronically stored information are located, including through the forensic examination, such documents or information will be identified and deleted, as well, in accordance with this Agreed Order and subsequent protocol.

3. Miller shall permit inspection by a third-party forensic firm of his personal cellular telephone and personal email account for any electronically stored information belonging to Churchill. Any inspection of any device or account belonging to Miller will be conducted by a mutually agreed, third party, independent forensic examiner to address privacy or confidentiality concerns. Churchill and Miller shall each be responsible for half the costs for such forensic review. The Parties shall negotiate reasonably toward and agree within fourteen (14) business days after the entry of this Agreed Preliminary Injunction to a protocol for this forensic review, including searches and analysis of the information, production of information to either party, provisions to

2

Case 3:25-cv-00765    Document 21    Filed 07/21/25    Page 2 of 4 PageID #: 126

protect the privacy and confidentiality of any data (including Miller's personal information, third party information (including information belonging to Miller's current employer, Everett Financial Inc. d/b/a Supreme Lending ("Supreme")), and Churchill's confidential business information), and permanent removal/deletion in a forensically sound manner of any of Plaintiff's information found during the review. In the event the Parties are not able to agree upon such a protocol, either party may move this Court for an additional order establishing such a protocol.

4. Miller will not disclose to any third party, including Supreme, any Churchill trade secrets as that term is defined by the Tennessee Uniform Trade Secrets Act or the Defend Trade Secrets Act. Miller will not disclose to any third party, including his current employer, any information Churchill alleges constitutes its Confidential Information, which is defined to include:

- **Financial information** including budgets, non-public P&L statements, forecasting, calculators, and strategy plans;

- **Current Churchill employee information** including non-public compensation information and non-public performance metrics (excluding information exclusively about and pertaining to a specific employee that was provided by that employee, with the consent of that employee, or from public sources outside of Churchill);

- **Customer materials** including internal presentations, leads, loan programs, customer contracts, and pricing; and

- **Business information** including business methods, marketing strategies, vendor, distributor and supplier contracts.

5. Miller will not use any Churchill Confidential Information or Churchill trade secrets for his own personal gain or for that of Supreme.

6. Until May 21, 2026, Miller will not directly or indirectly solicit any current employee of Churchill to leave their employment with Churchill or to accept employment with another entity, including Supreme. To the extent a current employee of Churchill contacts Miller inquiring about employment with Supreme, Miller shall limit his response to informing the

3

Case 3:25-cv-00765    Document 21    Filed 07/21/25    Page 3 of 4 PageID #: 127

individual that he is currently subject to a covenant not to solicit Churchill employees, that he cannot discuss employment with Supreme with that individual, and if the individual is interested in employment with Supreme, the individual should independently contact Supreme's Human Resources personnel.

7. This injunction shall remain in effect until further notice of the Court modifying or vacating it or until final judgment is entered in this case; and

8. The preliminary injunction hearing scheduled for July 24, 2025, is CANCELLED.

SO ORDERED.

_____
**ALETA A. TRAUGER**
**UNITED STATES DISTRICT JUDGE**

APPROVED FOR ENTRY:

*s/ Stephen H. Price*
Stephen H. Price, TN Bar No. 014658
JACKSON LEWIS, P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
Office: (615) 565-1661
stephen.price@jacksonlewis.com

Attorneys for Plaintiff
Churchill Mortgage Corporation


*/s/ William S. Rutchow*
William S. Rutchow, TN Bar No. 017183
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Trust Plaza 401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
615-254-1900 (telephone)
william.rutchow@ogletreedeakins.com

Attorneys for Defendant
Jeffrey Miller