# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

CHURCHILL MORTGAGE                )
CORPORATION,                      )
                                  )
    Plaintiff,                    )
                                  )   Case No. 3:25-cv-00765
v.                                )
                                  )
JEFFREY MILLER,                   )
                                  )
    Defendant.                    )

## ANSWER

Defendant, Jeffrey Miller hereby answers the Complaint as follows:

As to the first unnumbered paragraph of the Complaint, Defendant admits that Plaintiff seeks various injunctive and monetary relief against Defendant. Defendant denies that Plaintiff is entitled to any relief from Defendant.

1.      Defendant admits that he was formerly the Vice President of the Northwest Region for Plaintiff. Defendant further admits that he is now employed with Everett Financial, d/b/a Supreme Lending ("Supreme"). Defendant denies the remaining impertinent, hyperbolic allegations set forth in Paragraph 1 of the Complaint.

2.      Defendant admits the allegations set forth in Paragraph 2 of the Complaint.

3.      Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4.      Defendant admits that this court may assert subject matter jurisdiction as to the federal law claims Plaintiff has attempt to state in the Complaint. Defendant denies that he has engaged in any conduct that violated the Defend Trade Secrets Act.

5.      Defendant denies the allegations set forth in Paragraph 5 of the Complaint. Defendant specifically denies that Plaintiff's contract, tort and statutory clams under Tennessee law may be asserted extra-territorially against Defendant, a citizen of Oregon.

6.      Defendant admits that the parties are citizens of different states.  Defendant denies the remaining allegations set forth in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations set forth in Paragraph 7 as they are currently stated.  To the extent the contracts referenced in the Complaint are enforceable against Defendant, which Defendant denies, any consent to personal jurisdiction in this court is limited to those contract claims.

8.      Defendant denies the allegations set forth in Paragraph 8 as they are currently stated.  To the extent the contracts referenced in the Complaint are enforceable against Defendant, which Defendant denies, any consent to venue in this court is limited to matters concerning or arising out of those contracts.

9.      Defendant admits that Plaintiff has brought an action against him.  Defendant denies the remaining allegations set forth in Paragraph 9 of the Complaint.

10.     Defendant denies the impertinent and hyperbolic allegations set forth in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendant admits that Plaintiff has brought an action against him.  Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant admits the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant admits the allegations set forth in Paragraph 18 of the Complaint.

2

19.     Defendant admits that in his job he had access to and used certain confidential information.  Defendant denies the remaining allegations set forth in Paragraph 19.  Defendant specifically denies that any information to which he had access constituted a trade secret under applicable law.  Defendant further denies that the customer lists, employee compensation data, or employee performance data referenced in Paragraph 19 constitute either confidential information or trade secrets under applicable law.

20.     Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations set forth in Paragraph 21 of the Complaint as they are currently stated.  Defendant specifically denies that the customer lists, employee compensation data, or employee performance data referenced in Paragraph 21 constitute either confidential information or trade secrets under applicable law.

22.     Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of Churchill's motivations and therefore denies the allegation set forth in Paragraph 23 of the Complaint.

24.     As Plaintiff has failed to attach a copy of the document it references in Paragraph 24 to the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 and therefore denies same.

25.     As Plaintiff has failed to attach a copy of the document it references in Paragraph 25 to the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and therefore denies same.

26. As Plaintiff has failed to attach a copy of the documents it references in Paragraph 26 to the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 and therefore denies same.

27. Although Defendant was Vice President for Churchill, Defendant admits that he electronically signed a Branch Manager agreement on our about September 13, 2024. The terms of the agreement referred to in Paragraph 27 of the Complaint speak for themselves and Defendant refers to that document for its terms. To the extent the allegations contained in Paragraph 27 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations. Defendant denies the remainder of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits that he electronically signed a Branch Manager agreement on September 13, 2024. Defendant denies the remaining allegations set forth in Paragraph 28 of the Complaint.

29. The terms of the agreement referred to in Paragraph 29 of the Complaint speak for themselves and Defendant refers to that document for its terms. To the extent the allegations contained in Paragraph 29 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations. Defendant denies the remainder of the allegations contained in Paragraph 29 of the Complaint.

30. The terms of the agreement referred to in Paragraph 30 of the Complaint speak for themselves and Defendant refers to that document for its terms. To the extent the allegations contained in Paragraph 30 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations.

4

31.     The terms of the agreement referred to in Paragraph 31 of the Complaint speak for themselves and Defendant refers to that document for its terms.  To the extent the allegations contained in Paragraph 31 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations.

32.     The terms of the agreement referred to in Paragraph 32 of the Complaint speak for themselves and Defendant refers to that document for its terms.  To the extent the allegations contained in Paragraph 32 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations.  Defendant denies the remainder of the allegations contained in Paragraph 32 of the Complaint.

33.     The terms of the agreement referred to in Paragraph 33 of the Complaint speak for themselves and Defendant refers to that document for its terms.  To the extent the allegations contained in Paragraph 33 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations.  Defendant denies the remainder of the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant admits the allegations set forth in Paragraph 34 of the Complaint.

35.     Defendant denies that he was terminated for performance reasons.  Defendant admits that he was told that Plaintiff was re-organizing the Northwest Region.  Defendant denies the remaining allegations set forth in Paragraph 35 of the Complaint.

36.     Defendant admits that he received correspondence signed by Micah Martinez and dated May 27, 2025 with a subject line of "Notice of Confidentiality, Non-Solicitation.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's typical practice and therefore denies same.

5

37.     The terms of the letter referred to in Paragraph 37 of the Complaint speak for themselves and Defendant refers to that document for its terms.  To the extent the allegations contained in Paragraph 37 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations.  Defendant denies the remainder of the allegations contained in Paragraph 37 of the Complaint.

38.     Defendant admits that he electronically signed a document entitled "Severance Agreement" on or about May 29, 2025.  The terms of the agreement referred to in Paragraph 38 of the Complaint speak for themselves and Defendant refers to that document for its terms.  To the extent the allegations contained in Paragraph 38 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations.  Defendant denies the remainder of the allegations contained in Paragraph 38.

39.     Defendant admits that he electronically signed a document entitled "Severance Agreement" on or about May 29, 2025.  Defendant denies the remaining allegations set forth in Paragraph 39 of the Complaint.

40.     The terms of the agreement referred to in Paragraph 40 of the Complaint speak for themselves and Defendant refers to that document for its terms.  To the extent the allegations contained in Paragraph 40 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations.  Defendant denies the remainder of the allegations contained in Paragraph 40.

41.     The terms of the agreement referred to in Paragraph 41 of the Complaint speak for themselves and Defendant refers to that document for its terms.  To the extent the allegations contained in Paragraph 41 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations.

6

42.     The terms of the agreement referred to in Paragraph 42 of the Complaint speak for themselves and Defendant refers to that document for its terms.  To the extent the allegations contained in Paragraph 42 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations.  Defendant denies the remainder of the allegations contained in Paragraph 42.

43.     The terms of the agreement referred to in Paragraph 43 of the Complaint speak for themselves and Defendant refers to that document for its terms.  To the extent the allegations contained in Paragraph 43 of the Complaint attempt to summarize or characterize that document or any part thereof, Defendant denies such allegations.  Defendant denies the remainder of the allegations contained in Paragraph 43.

44.     Defendant admits the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendant admits that the six individuals identified in Paragraph 49 of the Complaint have resigned from Plaintiff and are now employed with Supreme.  Defendant denies the remaining allegations set forth in Paragraph 49 of the Complaint.

50.     Defendant admits that between May and July, 2025 he had contact with Ms. Detweiler.  Defendant denies the remaining allegations set forth in Paragraph 50 as currently stated.

51.     Defendant admits that Ms. Detweiler was an employee of Churchill as of the date Churchill terminated Defendant's employment on May 21, 2025.

7

52.     Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54.     Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendant admits that Ms. Detweiler separated from employment with Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 56 of the Complaint as currently stated.

57.     Defendant admits that Ms. Detweiler accepted an offer of employment from Supreme.  Defendant denies the remaining allegations set forth in Paragraph 57 of the Complaint.

58.     Defendant admits that between May and July, 2025 he had contact with Mr. Ackerland.  Defendant denies the remaining allegations set forth in Paragraph 58 as currently stated.

59.     Defendant admits that Mr. Ackerland was an employee of Churchill as of the date Churchill terminated Defendant's employment on May 21, 2025.

60.     Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61.     Defendant denies the allegations set forth in Paragraph 61 of the Complaint.

62.     Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63.     Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64.     Defendant admits that Mr. Ackerland separated from employment with Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 64 of the Complaint as currently stated.

65.     Defendant admits that Mr. Ackerland accepted an offer of employment from Supreme.  Defendant denies the remaining allegations set forth in Paragraph 65 of the Complaint.

8

66.     Defendant admits that between May and July, 2025 he had contact with Ms. Tocakovic.   Defendant denies the remaining allegations set forth in Paragraph 66 as currently stated.

67.     Defendant admits that Ms. Tocakovic was an employee of Churchill as of the date Churchill terminated Defendant's employment on May 21, 2025.

68.     Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendant admits that Ms. Tocakovic separated from employment with Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 72 of the Complaint as currently stated.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendant denies that he has had any contact with an individual named Kelly Trudy. Defendant admits that he has had contact with an individual named Trudy Kelly.  Defendant denies the remaining allegations set forth in Paragraph 74 as they are currently stated.

75.     Defendant admits that Ms. Kelly was an employee of Churchill as of the date Churchill terminated Defendant's employment on May 21, 2025.

76.     Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations set forth in Paragraph 77 of the Complaint.

78.     Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

80.     Defendant admits that Ms. Kelly separated from employment with Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 80 of the Complaint as currently stated.

81.     Defendant admits that Ms. Kelly accepted an offer of employment from Supreme. Defendant denies the remaining allegations set forth in Paragraph 81 of the Complaint.

82.     Defendant admits that between May and July, 2025 he has had contact with Ms. Hawkinson.  Defendant denies the remaining allegations set forth in Paragraph 82 as they are currently stated.

83.     Defendant admits that Ms. Hawkinson was an employee of Churchill as of the date Churchill terminated Defendant's employment on May 21, 2025.

84.     Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations set forth in Paragraph 85 of the Complaint.

86.     Defendant denies the allegations set forth in Paragraph 86 of the Complaint.

87.     Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88.     Defendant admits that Ms. Hawkinson separated from employment with Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 88 of the Complaint as currently stated.

89.     Defendant admits that Ms. Hawkinson accepted an offer of employment from Supreme.  Defendant denies the remaining allegations set forth in Paragraph 89 of the Complaint.

90.     Defendant admits that between May and July, 2025 he has had contact with Ms. Autore.  Defendant denies the remaining allegations set forth in Paragraph 90 as they are currently stated.

91.     Defendant admits that Ms. Autore was an employee of Churchill as of the date Churchill terminated Defendant's employment on May 21, 2025.

92.     Defendant denies the allegations set forth in Paragraph 92 of the Complaint.

93.     Defendant denies the allegations set forth in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations set forth in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

96.     Defendant admits that Ms. Autore separated from employment with Plaintiff. Defendant denies the remaining allegations set forth in Paragraph 96 of the Complaint as currently stated.

97.     Defendant admits that Ms. Autore accepted an offer of employment from Supreme. Defendant denies the remaining allegations set forth in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations set forth in Paragraph 98 of the Complaint.

99.     Defendant admits that he has communication with former co-workers via text message and that he has had lunch and/or drinks with former co-workers.  Defendant denies the remaining allegations set forth in Paragraph 99 of the Complaint.

100.     Defendant denies the allegations set forth in Paragraph 100 of the Complaint.

101.     The text messages between Green and Defendant speak for themselves and Defendant refers to those documents for their terms.  To the extent the allegations contained in Paragraph 101 of the Complaint attempt to summarize or mischaracterize those documents, or any part thereof, Defendant denies such allegations.  Defendant denies the remainder of the allegations contained in Paragraph 101.

102.     Defendant denies the allegations set forth in Paragraph 102 of the Complaint.

103.    Defendant admits that he had lunch with Mr. Whitehead on or about June 4, 2025. Defendant denies the remaining allegations set forth in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations set forth in Paragraph 104 of the Complaint.

105.    Defendant denies those allegations set forth in Paragraph 105 that reference Defendant's "motivations." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 105 and therefore denies same.

106.    Defendant denies the allegations set forth in Paragraph 106 of the Complaint.

107.    Defendant admits that he met with Ms. Parker and Ms. Canales on or about May 29, 2025. Defendant denies the remaining allegations set forth in Paragraph 107 of the Complaint.

108.    Defendant denies the allegations set forth in Paragraph 108 of the Complaint.

109.    The allegations set forth in Paragraph 109 seek to state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations set forth in Paragraph 109. Further pleading, each of the referenced employees were employed "at-will." An employer cannot state a claim for tortious interference with its relationship with an "at-will" employee.

110.    Defendant denies the allegations set forth in Paragraph 110 of the Complaint.

111.    Defendant denies the allegations set forth in Paragraph 111 of the Complaint.

112.    Defendant denies the allegations set forth in Paragraph 112 of the Complaint.

113.    Defendant denies the allegations set forth in Paragraph 113 of the Complaint.

114.    Defendant denies the vague allegations set forth in Paragraph 114 of the Complaint.

115.    Defendant denies the allegations set forth in Paragraph 115 of the Complaint.

116.    Defendant denies the allegations set forth in Paragraph 116 of the Complaint.

117.    Defendant denies the allegations set forth in Paragraph 117 of the Complaint.

118.     Defendant denies the allegations set forth in Paragraph 118 of the Complaint.

119.     Defendant denies the allegations set forth in Paragraph 119 of the Complaint.

120.     Defendant denies the impertinent, conclusory allegations set forth in Paragraph 120 of the Complaint.

121.     Defendant denies the impertinent, conclusory allegations set forth in Paragraph 121 of the Complaint.

122.     Defendant denies the impertinent, conclusory allegations set forth in Paragraph 122 of the Complaint.

123.     Defendant denies the allegations set forth in Paragraph 123 of the Complaint and each sub-paragraph of Paragraph 123.

124.     Defendant denies that he made any defamatory statements regarding Churchill Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations regarding the statements of unnamed individuals and therefore denies same.

125.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 and therefore denies same.

126.     Defendant denies the allegations set forth in Paragraph 126 of the Complaint.

127.     Defendant admits that Plaintiff's Washington D.C. based retained counsel sent a letter riddled with hyperbole and factual misstatements dated June 26, 2025. Defendant further admits that this letter notified Defendant of Plaintiff's breach of Plaintiff's obligations under the parties' Severance Agreement whereby Plaintiff refused to pay Defendant's severance benefit, which constitutes the consideration for the Severance Agreement.

128.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128 of the Complaint.

129. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129 of the Complaint.

130. Defendant denies the allegations set forth in Paragraph 130 of the Complaint.

131. Defendant denies the allegations set forth in Paragraph 131 of the Complaint.

132. Defendant denies the allegations set forth in Paragraph 132 of the Complaint.

133. Defendant incorporates his responses to Paragraph 1-132.

134. Defendant denies the allegations set forth in Paragraph 134 of the Complaint.

135. Defendant denies the allegations set forth in Paragraph 135 of the Complaint.

136. Defendant denies the allegations set forth in Paragraph 136 of the Complaint.

137. Defendant denies the allegations set forth in Paragraph 137 of the Complaint.

138. Defendant denies the allegations set forth in Paragraph 138 of the Complaint.

139. Defendant denies the allegations set forth in Paragraph 139 of the Complaint.

140. Defendant denies the allegations set forth in Paragraph 140 of the Complaint.

141. Defendant denies the allegations set forth in Paragraph 141 of the Complaint.

142. Defendant denies the allegations set forth in Paragraph 142 of the Complaint.

143. Defendant incorporates his responses to Paragraphs 1-142 of the Complaint.

144. Based on Plaintiff's failure to make the severance payments that constitute the consideration for the Severance Agreement, Defendant denies that Plaintiff can enforce the Severance Agreement or that Defendant is bound to any contractual obligations set forth in the Severance Agreement.

145. Defendant denies the allegations set forth in Paragraph 145 of the Complaint.

146. Defendant denies the allegations set forth in Paragraph 146 of the Complaint.

147. Defendant denies the allegations set forth in Paragraph 147 of the Complaint.

14

148.    Defendant denies the allegations set forth in Paragraph 148 of the Complaint.

149.    Defendant denies the allegations set forth in Paragraph 149 of the Complaint.

150.    Defendant denies the allegations set forth in Paragraph 150 of the Complaint.

151.    Defendant denies the allegations set forth in Paragraph 151 of the Complaint.

152.    Defendant denies the allegations set forth in Paragraph 152 of the Complaint.

153.    Defendant incorporates his responses to Paragraphs 1-152 of the Complaint.

154.    Paragraph 154 attempts to state a legal conclusion to which no response is required.

155.    Defendant denies the allegations set forth in Paragraph 155 of the Complaint.

156.    Defendant denies the allegations set forth in Paragraph 156 of the Complaint.

157.    Defendant denies Plaintiff's efforts to truncate the DTSA in Paragraph 157 of the Complaint.

158.    Defendant denies the allegations set forth in Paragraph 158 of the Complaint.

159.    Defendant denies the allegations set forth in Paragraph 159 of the Complaint.

160.    Defendant denies the allegations set forth in Paragraph 160 of the Complaint.

161.    Defendant denies the allegations set forth in Paragraph 161 of the Complaint.

162.    Defendant denies the allegations set forth in Paragraph 162 of the Complaint.

163.    Defendant denies the allegations set forth in Paragraph 163 of the Complaint.

164.    Defendant denies the allegations set forth in Paragraph 164 of the Complaint.

165.    Defendant denies the allegations set forth in Paragraph 165 of the Complaint.

166.    Defendant denies the allegations set forth in Paragraph 166 of the Complaint.

167.    Defendant incorporates his responses to Paragraphs 1-166 of the Complaint.

168.    Paragraph 168 seeks to state a legal conclusion to which no response is required.

169.    Defendant denies the allegations set forth in Paragraph 169 of the Complaint.

15

170.     Defendant denies the allegations set forth in Paragraph 170 of the Complaint.

171.     Defendant denies Plaintiff's efforts to truncate TUTSA in Paragraph 171 of the Complaint.

172.     Defendant denies the allegations set forth in Paragraph 172 of the Complaint.

173.     Defendant denies the allegations set forth in Paragraph 173 of the Complaint.

174.     Defendant denies the allegations set forth in Paragraph 174 of the Complaint.

175.     Defendant denies the allegations set forth in Paragraph 175 of the Complaint.

176.     Defendant denies the allegations set forth in Paragraph 176 of the Complaint.

177.     Defendant denies the allegations set forth in Paragraph 177 of the Complaint.

178.     Defendant denies the allegations set forth in Paragraph 178 of the Complaint.

179.     Defendant denies the allegations set forth in Paragraph 179 of the Complaint.

180.     Defendant incorporates his responses to Paragraphs 1-179 of the Complaint.

181.     Defendant denies the allegations set forth in Paragraph 181 of the Complaint.

182.     Defendant denies the allegations set forth in Paragraph 182 of the Complaint and each sub-paragraph of Paragraph 182.

183.     Defendant denies the allegations set forth in Paragraph 183 of the Complaint.

184.     Defendant denies the allegations set forth in Paragraph 184 of the Complaint.

185.     Defendant denies the allegations set forth in Paragraph 185 of the Complaint.

186.     Defendant incorporates his responses to Paragraphs 1-185 of the Complaint.

187.     The allegations set forth in Paragraph 187 attempt to state a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendant denies the allegations set forth in Paragraph 187.

188.    Defendant admits that he was aware that individuals referenced in the Complaint were, at one time, at-will employees of Plaintiff and that he supervised some of these individuals while he was an employee of Churchill.  Defendant denies any allegation in Paragraph 188 that is inconsistent with this admission.

189.    Defendant denies the allegations set forth in Paragraph 189 of the Complaint.

190.    Defendant denies the allegations set forth in Paragraph 190 of the Complaint.

191.    Defendant denies the allegations set forth in Paragraph 191 of the Complaint.

192.    Defendant denies the allegations set forth in Paragraph 192 of the Complaint.

193.    Defendant incorporates his responses to Paragraphs 1-192 of the Complaint.

194.    Defendant denies the allegations set forth in Paragraph 194 of the Complaint.

195.    Defendant denies the allegations set forth in Paragraph 195 of the Complaint.

196.    Defendant denies the allegations set forth in Paragraph 196 of the Complaint.

197.    Defendant denies the allegations set forth in Paragraph 197 of the Complaint and each sub-paragraph of Paragraph 197.

198.    Defendant denies the allegations set forth in Paragraph 198 of the Complaint.

199.    Defendant denies the allegations set forth in Paragraph 199 of the Complaint.

200.    Defendant denies the allegations set forth in Paragraph 200 of the Complaint.

201.    Defendant incorporates his responses to Paragraphs 1-200 of the Complaint. Further pleading, Plaintiff's "Count VII" does not set forth a cognizable cause of action.

202.    Defendant denies the allegations set forth in Paragraph 202 of the Complaint.

203.    Defendant denies the allegations set forth in Paragraph 203 of the Complaint.

204.    Defendant denies the allegations set forth in Paragraph 204 of the Complaint.

205.    Defendant denies the allegations set forth in Paragraph 205 of the Complaint.

206.     Defendant denies the allegations set forth in Paragraph 206 of the Complaint.

207.     Defendant denies that Plaintiff is entitled to any of the relief sought in the Prayer of the Complaint or otherwise.

208.     Defendant denies any allegation in the Complaint not previously, expressly denied./

209.     Defendant requests a jury for all issues so triable.


## ADDITIONAL AND AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Defendant states the following defenses:

1.       Plaintiff's claims of breach of contract fail due to a failure of consideration as to each contract referenced in the Complaint.

2.       The contracts Plaintiff seeks to enforce in this litigation, the claims Plaintiff asserts, and the injunctive and monetary relief Plaintiff seeks violate federal anti-trust laws and the Federal Trade Commission's anti-poaching rules and policies.

3.       Plaintiff's claim of conspiracy is precluded by the intra-corporate conspiracy doctrine.

4.       Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief can be granted.

5.       Plaintiff's state-law claims are barred inasmuch as Plaintiff seeks to apply Tennessee law extra-territorially to Defendant.

6.       Plaintiff's claims may be barred by the doctrine of unclean hands.

7.       Plaintiff's claims may be barred by the doctrines of disclaimer, waiver or estoppel.

8.      Plaintiff's claims are barred due Plaintiff's failure to take reasonable steps to maintain the confidentiality of any alleged confidential, proprietary or trade secret information.

9.      The post-employment covenants contained in the Agreements are unreasonable and unenforceable under applicable law.

10.     The post-employment covenants contained in the Agreements violate Tennessee and Oregon public policy and are unenforceable.

11.     Plaintiff's claims are barred, in whole or in part, to the extent it has failed to mitigate its damages.

12.     Plaintiff's employment policies and procedures, including its confidentiality policies, may be unlawful under Tennessee, Oregon, and Federal law, including the Tennessee Wage Payment Statute and the National Labor Relations Act and are therefore void and unenforceable.  These policies cannot form the basis for any claim or defense against Defendant, including any claim that he breached any duty allegedly based, in whole or in part, upon these unlawful policies.

13.     Plaintiff's claims, separately and severally, are barred in whole or in part, because Defendant did not receive, obtain or make use of any information protected under the Defend Trade Secrets Act or the Tennessee Uniform Trade Secrets Act (T.C.A. § 47-25-1701, *et seq*.).

14.     Plaintiff's tortious interference with business relations claim fails based upon the Stranger Doctrine.

15.     If it is determined that any form of recovery has been made by way of judgment, settlement, or otherwise, for all or any part of the alleged injuries or damages, then Defendant claims the benefit of such recovery by way of set-off, payment, credit, recoupment, accord and satisfaction, or otherwise.

19

16. To the extent that Plaintiff is seeking an amount of punitive damages that can be deemed excessive, such a claim violates due process.

17. Plaintiff's claims for damages are capped by applicable Tennessee law.

18. Plaintiff's claims for injunctive relief are barred in that Plaintiff possesses an adequate remedy at law.

19. Defendant's challenged conduct is privileged as bona fide competition or preparations for competition.

20. The information Plaintiff seeks to protect cannot constitute a "trade secret" and is not "confidential" inasmuch as the subject matter is of public knowledge or general knowledge in the industry such as individual's performance metrics, or the matter consists of ideas which are well known or easily ascertainable, such as remembered information as to employee compensation.

21. Any interest of the Plaintiff in obtaining injunctive relief is outweighed by the harm to the Defendant, as well as by the harm to the public interest.

22. Plaintiff's Verified Complaint perpetrated a fraud upon the Court and was filed in bad faith.

23. Plaintiff committed a material breach of the Severance Agreement which extinguished its right to enforce the Agreement.

24. Plaintiff is not entitled to the requested relief because Plaintiff has not identified any confidential information or trade secrets with sufficient particularity.

25. Plaintiff is barred from recovering exemplary damages or attorneys' fees under the Defend Trade Secrets Act due to its failure to provide Defendant with statutory notice of the Act's immunity and anti-retaliation provisions.

20

26. Any recovery on Plaintiff's claim for tortious interference is barred in whole or in part because Plaintiff did not have a reasonable expectation of a continued business relationship with its at-will employees.

27. All of Defendant's conduct relative to Plaintiff is privileged as it is mere ordinary and fair competition.

28. To the extent that Plaintiff's common-law claims, including tortious interference and conspiracy, rely on the protection and/or misappropriation of Plaintiff's trade secrets, they are preempted by TUTSA.

29. Plaintiff's claim for misappropriation of trade secrets has been made in bad faith, entitling Defendant to recover attorneys' fees under the DTSA and TUTSA.

30. Any statements Plaintiff alleges Defendant made that were defamatory were legally privileged.

31. Subject to and without waiving any prior objection, answers or defenses, and without accepting the burden of proof on the matter, any alleged statements by Defendant regarding Plaintiff were true.

Defendant reserves the right to amend his Answer to assert additional affirmative or other defenses after completion of further investigation and discovery.

WHEREFORE, Defendant, having fully answered the Complaint, prays that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded his costs and attorneys' fees as well as other further relief which may be deemed just and proper by this Court. Defendant further requests that this case be tried to a jury for all issues so triable.

## COUNTERCLAIMS AGAINST CHURCHILL MORTGAGE COMPANY

Defendant/Counter-Plaintiff, Jeffrey Miller ("Miller"), by and through undersigned counsel, hereby files its counterclaim against Plaintiff/Counter-Defendant, Churchill Mortgage Corporation ("Churchill") for breach of contract.

1. Miller is a resident of the state of Oregon and was previously an employee of Churchill.

2. Churchill Mortgage Corporation is a Tennessee Corporation with its principal place of business in Brentwood, Tennessee. Churchill transacts business in this district and division and maintains an office for the transaction of business in this district and division.

3. The amount in controversy with regard to this counterclaim exceeds $75,000.00.

4. This court has complete diversity jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue is proper in this Court because the facts giving rise to Miller's claims occurred, in whole or in substantial part, in this district and division.

6. Churchill agreed to this court's jurisdiction and venue for all actions, suits, or other proceedings with respect to the Severance Agreement and Employment Agreement between the parties.

7. Miller is a former employee of Churchill. Churchill terminated Miller's employment on May 21, 2025. Churchill asserted that the reason for Miller's termination was due to his performance and the poor financial performance of the Company.

### Breach of Severance Agreement

8. Churchill drafted and presented to Miller a Severance Agreement. Although the parties agreed to keep the terms and facts of the Severance Agreement confidential, Plaintiff

breached that provision of the Severance Agreement when Plaintiff/Counter Defendant filed the Severance Agreement in open court in this action. The Severance Agreement is in the possession of Plaintiff/Counter Defendant and a copy of the Severance Agreement is attached to Plaintiff's original Complaint and is incorporated by reference.

9. As consideration for Miller releasing various claims and his agreement to certain restrictive covenants, Churchill offered Miller a severance benefit of $92,805.37.

10. Churchill promised to pay this severance benefit after Miller returned a signed version of the Severance Agreement and after the Agreement became effective.

11. The payment of the severance benefits was the sole consideration Plaintiff offered for Miller's release of various claims against Churchill and the restrictive covenants.

12. Miller accepted the offered severance in exchange for his release of claims and electronically signed the Severance Agreement on May 29, 2025. The Severance Agreement became effective on the eighth day following its execution by Miller.

13. Churchill has failed to pay the promised severance benefit to Miller, again breaching the Severance Agreement.

14. As noted above, Churchill seeks to hold Miller to provisions of the Severance Agreement, despite Churchill having refused, without legal justification, to pay the severance benefit that constitutes the consideration for Miller's promises under the Severance Agreement.

15. Miller has been damaged as a result of Churchill's breach of the Severance Agreement, including Churchill's failure to pay the agreed upon severance benefit.

16. In addition, Miller's release of claims and the restrictive covenants are void and unenforceable due to Churchill's failure to provide the agreed upon consideration for Miller's release of claims and agreement to the restrictive covenants.

## Breach of Employment Agreements

17.     During his employment with Churchill, Churchill and Miller entered into a series of employment agreements, including agreements in 2022 and 2023.

18.     These written employment agreements are in the possession of Plaintiff/Counter Defendant and incorporated herein by reference.

19.     The employment agreements contained the written terms of Miller's compensation and benefits.

20.     In or about early 2023, Plaintiff/Counter Defendant unilaterally reduced Miller's contractually agreed compensation and eliminated his recruiting bonus structure.

21.     Plaintiff/Counter Defendant's unilateral actions breached the agreed compensation terms in Miller's employment agreements.

22.     Miller has suffered damages in an amount to be proved at trial as a result of Churchill's breaches of these employment agreements, including Churchill's refusal to pay all compensation it was obligated to pay under the agreements.

WHEREFORE, Miller respectfully requests that the Court grant him the following relief:

a.     Declare Miller's release of claims to be void due to a failure of consideration.

b.     Declare the restrictive covenants set forth in the Severance Agreement and Employment Agreement to be void due to a failure of consideration.

c.     Order an accounting of all amounts paid, due or owing from Churchill to Miller as compensation, including salary, bonuses, commissions and expenses.

d.     Award Miller actual, contractual, and compensatory damages.

e.     Award Miller pre- and post-judgment interest, costs, and attorneys' fees.

f.     Grant Miller such other and further relief as this Court may deem just and proper.

Defendant/Counter-Plaintiff requests a jury trial on all issues so triable.

/s/ William S. Rutchow
William S. Rutchow (BPR No. 017183)
Tracey A. Kinslow (BPR No. 017098)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Truist Plaza, Suite 1200
401 Commerce Street
Nashville, TN 37219-2446
Telephone: (615) 254-1900
William.rutchow@ogletree.com
tracey.kinslow@ogletree.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of September 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Courts' electronic filing system upon all registered participants.

Stephen H. Price
JACKSON LEWIS, P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
stephen.price@jacksonlewis.com

Lucas Markowitz (*pro hac vice*)
Sean Hennessy (*pro hac vice*)
Arielle Stephenson (*pro hac vice*)
MITCHELL SANDLER PLLC
2020 K. Street NW, Suite 760
Washington, DC 20006
lmarkowitz@mitchellsandler.com
shennessy@mitchellsandler.com
astephenson@mitchellsandler.com

*/s/ William S. Rutchow*
William S. Rutchow

26