IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CHURCHILL MORTGAGE CORPORATION<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JEFFREY MILLER,<br><br>　　　　　　Defendant. | Civil Action No. 3:25-cv-00765<br><br>Judge Aleta A. Trauger |

**PLAINTIFF CHURCHILL MORTGAGE CORPORATION'S RULE 12(F) MOTION TO STRIKE DEFENDANT JEFFREY MILLER'S TWENTY-SECOND AFFIRMATIVE DEFENSE AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff Churchill Mortgage Corporation ("Plaintiff" or "Churchill"), by and through undersigned counsel, hereby moves under Federal Rule of Civil Procedure Rule 12(f) for an order striking Defendant Jeffrey Miller ("Defendant" or "Miller")'s twenty-second affirmative defense. In support thereof, Plaintiff states as follows:

**INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff filed its Complaint in this matter on July 9, 2025, and on July 11, 2025, sought a temporary restraining order ("TRO"). Dkts. 1, 9-12. Before Defendant filed an answer, the Court granted the request for TRO (Dkt. 16), and the Parties entered into an agreed Preliminary Injunction. Dkt. 20-21. Despite the Court's finding that there was "good and sufficient cause" to issue injunctive relief (Dkt. 16), Defendant's subsequent answer to the Complaint included an affirmative defense that: "Plaintiff's Verified Complaint perpetrated a fraud upon the Court and was filed in bad faith." Dkt. 27 at Affirmative Defense No. 22. There are no further facts supporting the defense.

1

On September 25, 2025, Plaintiff moved for an extension of time, up and until October 13, 2025, to respond to Defendant's Answer and Counterclaims. Dkt. 30. The Court granted the extension request. Dkt. 31. Thus, the Motion is timely.

**ARGUMENT**

The Court should exercise its discretion to strike Miller's barren affirmative defense claiming Plaintiff's Complaint "perpetrated a fraud" on the Court and is somehow filed in "bad faith." Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or upon the motion of a party "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff appreciates that motions to strike are generally disfavored, but the circumstances here—a barren claim of perpetrating a fraud on the Court for a Complaint that resulted in a TRO and agreed Preliminary Injunction—warrant departure from that general rule. *See Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, 326 F. Supp. 3d 521, 531 (E.D. Mich. 2018) ("Motions to strike affirmative defenses pursuant to Rule 12(f) are generally disfavored, but granting such motions is within the sound discretion of the district court.").

Importantly, Federal Rule of Civil Procedure 9(b), requires a party claiming that another party committed fraud must plead "with particularity the circumstances constituting" that fraud. *Cool Springs Fin. Grp., LLC v. Andrew S. Albright & All. Life United States, Inc.*, No. 3:19-cv-0964, 2020 WL 13888739, at *5-6 (M.D. Tenn. Dec. 4, 2020). The reason for Rule 9(b)'s heightened standard is to protect a litigant from "unwarranted damage to its reputation caused by spurious charges of immoral and fraudulent behavior." *Id.* at *6 (citing *United States ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008)) (internal quotations omitted). This Court has expressly determined that Rule 9(b) is not "limited to complaints, and courts in this

2

circuit have typically applied the special pleading standards to answers as well." *Id.* at *5 (collecting cases). This Court has stricken similarly barren affirmative defenses, which lack any explanation or facts supporting the fraud defense. *See id.* at *6 (striking "generalized statement of a defense" which stated: "Plaintiffs' claims are barred due to fraud and misrepresentation." because the defense is "as bare-bones as pleading can be[.]").

Here, Defendant's affirmative defense suffers from the same faults. It is a "bare-bones" singular sentence lacking any explanation or facts to allow the Court or Plaintiff to understand the nature of the fraud alleged. While this is questionably sufficient under typical pleading rules, it falls well below the particularity requirements to plead fraud under Rule 9(b). Defendant does not state what the alleged fraud is, how it was perpetrated by filing a thus-far meritorious Complaint, how the Complaint was filed in alleged "bad faith" or any additional factual underpinnings to evaluate the defense. Accordingly, the proper remedy is to strike the defense, as this Court has done in the past.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the instant Motion, and strike Defendant's Twenty-Second Affirmative Defense.

Dated: October 13, 2025

Respectfully submitted,

*/s/ Lucas A. Markowitz*
Lucas A. Markowitz, Esq. (admitted *pro hac vice*)
Sean Hennessy, Esq. (admitted *pro hac vice*)
Arielle Stephenson (admitted *pro hac vice*)
**MITCHELL SANDLER PLLC**
2020 K Street NW, Suite 760
Washington, DC 20006
Office: (202) 886-5260
lmarkowitz@mitchellsandler.com

3

shennessy@mitchellsandler.com
astephenson@mitchellsandler.com

Stephen H. Price, TN Bar No. 014658
**JACKSON LEWIS, P.C.**
611 Commerce Street, Suite 2803
Nashville, TN 37203
Office: (615) 565-1661
stephen.price@jacksonlewis.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2025, the foregoing Plaintiff Churchill Mortgage Corporation's Memorandum in Support of Motion to Strike Defendant Jeffrey Miller's Affirmative Defenses was filed with the Clerk of the Court for the United States District Court for the Middle District of Tennessee using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Lucas A. Markowitz*
Lucas A. Markowitz, Esq.
