IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CHURCHILL MORTGAGE CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY MILLER,<br><br>Defendant. | Civil Action No. 3:25-cv-00765<br><br>Judge Aleta A. Trauger |

**PLAINTIFF CHURCHILL MORTGAGE CORPORATION'S RULE 12(B)(6) MOTION TO DISMISS DEFENDANT JEFFREY MILLER'S COUNTERCLAIMS AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff Churchill Mortgage Corporation ("Plaintiff" or "Churchill"), by and through undersigned counsel, hereby moves under Federal Rule of Civil Procedure Rule 12(b)(6) for an order dismissing Defendant Jeffrey Miller ("Defendant" or "Miller")'s counterclaims for failure to state a claim upon which relief can be granted. In support thereof, Plaintiff states as follows:

**INTRODUCTION & FACTUAL BACKGROUND**

Defendant's multiple counterclaims are 3-pages thin, reciting bare bones conclusions lacking any factual teeth to survive a motion to dismiss. Indeed, Defendant's first counterclaim alleging a breach of the severance agreement by failing to adhere to confidentiality commits far worse of a "breach" by airing the severance amount – a point which Plaintiff cautiously redacted. To survive a motion to dismiss under Rule 12(b)(6), Miller needed to allege damages stemming from *Churchill's* breach. Miller gave only the conclusory sentence that he "has been damaged as a result of Churchill's breach of the Severance Agreement[.]" Counterclaim ¶15, Dkt. 27. Yet, the

1

only damage that conceivably may have occurred was through Miller's own disclosure. That is not sufficient under Rule 12(b)(6).

Miller's second counterclaim alleging a breach of Miller's employment agreement with Churchill fares no better. The counterclaim refers to two agreements – one entered into in 2022 and 2023 and claims that they are "incorporated herein by reference[.]" Counterclaim ¶¶17-18. The "agreements" were allegedly breached when Churchill "reduced Miller's contractually agreed compensation and eliminated his recruiting bonus structure." *Id.* ¶20. Yet, there is no 2022 or 2023 contractual agreement in the record to be "incorporated by reference," and the counterclaim does not cite a particular provision or explain the terms of the provision that was allegedly breached. *See id.* Under Rule 12(b)(6), this level of pleading is wholly sufficient. Accordingly, dismissal is warranted on both of Defendant's counterclaims.[1]

## ARGUMENT

### I.  RULE 12(B)(6) LEGAL STANDARD

Defendant's counterclaims fail to withstand Rule 12(b)(6). "The legal standard for motions to dismiss counterclaims follows the same standard as other motions to dismiss under Rule 12(b)(6)." *Selby v. Schroeder*, 567 F. Supp. 3d 841, 845 (M.D. Tenn. 2021); *see also Metallic Res., Inc. v. P. Kay Metal, Inc.*, No. 5:24-cv-01909, 2025 WL 1295322, at * 1-2 (N.D. Ohio May 5, 2025) (applying Rule 12(b)(6) standard to counterclaims). In ruling on 12(b)(6) motions, the counterclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Since all allegations are accepted as true, this has been viewed as a liberal standard of review. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations

---

[1] Plaintiff does not seek dismissal on the portion of the first counterclaim alleging breach of the severance agreement for alleged failure to pay the amount afforded in the agreement.

2

and emphasis omitted). However, the pleading must do more than merely assert bare legal conclusions. *Id.* Specifically, the pleading must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*

In assessing Miller's counterclaims, Tennessee law has three required elements to prove breach of contract: "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of the contract." *Ethnix Grp., LLC v. Jiminez Distribs., Inc.*, No. 3:24-cv-00184, 2024 WL 3331639, at * 2 (M.D. Tenn. July 3, 2024) (citing *Tolliver v. Tellico Vill. Prop. Owners Ass'n, Inc.*, 579 S.W.3d 8, 25 (Tenn. Ct. App. 2019).[2] "In the context of a motion to dismiss, the [] pleading must contain either direct or inferential allegations to support each of the material elements necessary to prove the claim." *Nashville Acupuncture Clinic, PLLC v. Holistic Billing Servs., LLC*, No. 3:23-cv-00572, 2023 WL 8851603, at *2 (M.D. Tenn. Dec. 21, 2023) (citations omitted).

Given that Miller's counterclaims rely on breaches of contractual provisions, the general rule is that matters outside the pleadings may not be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Courts may, however, consider any exhibits attached to the complaint or the defendant's motion to dismiss "so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

---

[2] As pled in Plaintiff's Complaint, Dkt. 1, the contract contains Tennessee choice of law provision. Compl. at Ex. A. Miller does not articulate what law applies to his counterclaims; however, the Answer and Affirmative defenses both reference Oregon law. The elements of a breach of contract claim are nearly identical under Oregon law "(1) the existence of a contract; (2) the relevant contract terms; (3) that the [claimant] fully performed and did not breach the contract; and (4) that the [opposing party] breached the contract terms resulting in damage to the [claimant]." *Matchniff v. Great Nw. Ins. Co.*, 224 F. Supp. 3d 1119, 1124 (D. Or. 2016) (citing *Slover v. Or. State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570, 927 P.2d 1098 (1996)).

3

## II. MILLER'S ALLEGED BREACH OF THE SEVERANCE AGREEMENT FAILS

Beginning with Defendant's first counterclaim, breach of the Severance Agreement, the claim is premised on two breaches: (1) breach of the confidentiality provision and (2) breach of the payment provision. Churchill moves only as to the first alleged breach.

In addressing the breaches premised on the failure to keep the terms confidential, this argument fails. First, Churchill did not breach the Severance Agreement, because the agreement clearly contemplates that it can be disclosed in order to enforce it, precisely as Churchill has done here. For example, the Agreement expressly acknowledges that there may be "legal action" required "to enforce any provision of this Agreement" and specifies an allocation of attorney's fees. Compl. at Ex. C, § 9. In addition, the Severance Agreement contemplates the location that "all actions, suits, or other proceedings with respect to this Agreement [will] be brought" and where courts will have personal jurisdiction over "any such action, suit, or proceeding[.]" Compl. at Ex. C, § 8. The confidentiality provision must therefore be read in connection with the remainder of the agreement, and not in a vacuum. *Chad Youth Enhancement Ctr., Inc. v. Colony Nat'l Ins. Co.*, 474 F. App'x 429, 432 (6th Cir. 2012) ("Tennessee law requires courts to read all parts of the contract 'together to give meaning to the document as a whole,' in order to construe its plain meaning."). Churchill redacted the only arguably confidential portion of the Severance Agreement—the severance amount. Therefore, there is no actionable breach of the agreement premised on Churchill's attachment of a redacted version of the Severance Agreement to its Complaint.

Second, even if Defendant were correct about his strained interpretation of the confidentiality provision, Defendant has failed to articulate any damages stemming from this breach. At best, the pleading states "Miller has been damaged as a result of Churchill's breach of the Severance Agreement," Counterclaim ¶15, but that is a formulaic recitation of the damages

4

element, and not any explanation as to the causation or type of damages allegedly suffered. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (Though this standard is liberal, it requires a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action".). Nor could Miller allege any damages caused by Churchill's supposed breach rather than his own. Any damages theory would be entirely self-inflicted, because Miller himself decided to air the severance number on the public docket and directly reference what Churchill redacted. Therefore, even if Miller conjured a discrete damages theory tied to knowledge of the Severance Agreement's provision, he would be unable to articulate any causation to Churchill rather than his own conduct. Accordingly, the Court should dismiss the portion of Miller's first counterclaim alleging breach of the confidentiality provision.

### III. THE COUNTERCLAIM PREMISED ON BREACH OF UNSPECIFIED "EMPLOYMENT AGREEMENTS" DOES NOT WITHSTAND RULE 12(B)(6)

The second breach of contract counterclaim, premised on the failure to pay Miller compensation allegedly owed, also fails under Rule 12(b)(6). A complaint that fails to point to a specific contract provision that has been breached falls short of setting forth a breach of contract claim. *Northampton Rest. Group, Inc. v. FirstMerit Bank, N.A.*, 492 Fed.Appx. 518, 522 (6th Cir. 2012)) ("it is a basic tenent of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached") (internal citations omitted). Moreover, "it is insufficient for a claimant to allege generally that a contract was breached without identifying the factual basis for that allegation." *GE Elec. Co. v. S & S Sales Co.*, No. 1:11cv00837, 2011 WL 4369045, at *2 (N.D. Ohio Sept. 19, 2011); *Shaya v. Countrywide Home Loans, Inc.*, No. 10-13878, 2011 WL 1085617, at *6 (E.D. Mich. Mar. 22, 2011), *aff'd*, 489 Fed. Appx. 815, 2012 WL 1816233 (6th Cir. 2012) (complaint failed to "meet

5

the pleading requirements of *Twombly* and *Iqbal*" where it did not identify which provisions of the contract the defendant breached or how the allegations applied to the contract, among other reasons).

Here, Defendant has entirely failed to "point to a specific contract provision" or provide a factual basis for the breach. The counterclaim does not attach a copy of the alleged contractual agreement breached, nor is it clear what agreement was allegedly breached as there is a reference to both a 2022 and 2023 contract. Counterclaim ¶17 ("Churchill and Miller entered into a series of employment agreements, including agreements in 2022 and 2023."). Short of attaching the agreement, Miller did not even provide the relevant contractual language, nor a summary of the payment obligation upon which he relies, which is necessary for the Court and Plaintiff to be on notice about what exactly was breached and how. Miller states only that the "employment agreements contained the written terms of Miller's compensation" and that Churchill "unilaterally reduced Miller's contractually agreed compensation and eliminated his recruiting bonus structure." This is similar to the allegations that this Court found insufficient in Graham, where the party stated only that the Defendant "violated the parties' collective bargaining agreement" by "fail[ing] to adhere to grievance procedures, disciplinary standards, and termination protections." (alterations in original). In short, just as in Graham, Miller "fails to cite any specific contractual provision, provide a copy of the contract, or explain what exactly [Churchill] did that would violate a specific provision of the contract." *Graham v. Adient US LLC*, No. 25-11471, 2025 WL 1919883, at *3 (E.D. Mich. July 11, 2025). Accordingly, the Rule 12(b)(6) motion should be granted.

## **CONCLUSION**

For the foregoing reasons, Churchill respectfully requests the Court grant its Motion under Rule 12(b)(6) and dismiss the claims without prejudice.

6

Dated: October 13, 2025

                Respectfully submitted,

                */s/ Lucas A. Markowitz*
                Lucas A. Markowitz, Esq. (admitted *pro hac vice*)
                Sean Hennessy, Esq. (admitted *pro hac vice*)
                Arielle Stephenson (admitted *pro hac vice*)
                **MITCHELL SANDLER PLLC**
                2020 K Street NW, Suite 760
                Washington, DC 20006
                Office: (202) 886-5260
                lmarkowitz@mitchellsandler.com
                shennessy@mitchellsandler.com
                astephenson@mitchellsandler.com

                Stephen H. Price, TN Bar No. 014658
                **JACKSON LEWIS, P.C.**
                611 Commerce Street, Suite 2803
                Nashville, TN 37203
                Office: (615) 565-1661
                stephen.price@jacksonlewis.com
                ***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2025, the foregoing Plaintiff Churchill Mortgage Corporation's Memorandum in Support of Motion to Dismiss Defendant Jeffrey Miller's Counterclaims was filed with the Clerk of the Court for the United States District Court for the Middle District of Tennessee using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Lucas A. Markowitz*
Lucas A. Markowitz, Esq.