IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| CHURCHILL MORTGAGE CORPORATION, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 3:25-cv-00765 |
| JEFFREY MILLER, | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO STRIKE AND FOR SANCTIONS**

Defendant, Jeffrey Miller, files this memorandum in support of his motion to request that the Court strike the letter that Plaintiff's Washington, D.C. counsel, Lucas Markowitz, filed on February 19, 2026. Doc. No. 57. Plaintiff's counsel's letter is reckless and misleading. The letter also violates the admonishment in this Court's Practice and Procedure Manual that "[c]orrespondence with the Court is discouraged. Written communication with the Court should be in the form of pleadings, motions, notices, memoranda, and briefs, as provided for in the Federal Rules of Civil Procedure and the Local Rules." Judge Trauger's Practice and Procedure Manual at II.B.

Defendant also requests that the Court award Defendant his travel expenses incurred to attend the in-person mediation, his attorneys' fees for filing this motion, and order Plaintiff's counsel to pay any costs associated with cancellation of mediation as sanctions for Plaintiff's and its counsel's vexatious litigation tactics. Sanctions are appropriate pursuant to 28 U.S.C. § 1927 in response to abusive litigation practice.

As the Court is aware, the parties were before the Court mere days ago for a status conference on February 13, 2026, at which Mr. Markowitz implored the court to extend all pending

deadlines in this case and continue the trial date so the parties could pursue mediation on February 26, 2026 with Michael Russell. The Court obliged, staying the litigation and removing all deadlines. *See* Doc. No. 56.

Less than one week after Plaintiff's counsel petitioned the Court to stay this case in favor of mediation, the same counsel filed a letter with the Court announcing Plaintiff's intent to cancel the mediation, unilaterally. Plaintiff's counsel's letter is replete with misstatements and false efforts to lay the blame on Defendant for Plaintiff's decision to refuse to participate in mediation. *See* Doc. No. 57. Plaintiff's counsel's actions then went beyond the pale when counsel recklessly accused Defendant of violating this Court's preliminary injunction. *Id.* In doing so, counsel obfuscated the facts. Absent misleading innuendo, Plaintiff has presented no evidence that Mr. Miller violated the injunction in the manner alleged in Plaintiff's counsel's letter.

The injunction prohibits Mr. Miller (*not his employer Supreme Lending*) from soliciting *current* Churchill employees to leave Churchill. *See* Doc. No. 21 at 3 (Page ID# 127). In his letter, Plaintiff's counsel alleges that Mr. Miller hired Andrew Edwards to work at Churchill. He also states that Supreme Lending (not Miller) recently hired Mr. Edwards. What Plaintiff's counsel fails to tell the Court is that Mr. Edwards, like Mr. Miller, was terminated by Churchill over two years ago (*See* Exhibit 1 – Edwards LinkedIn page). Since then, Mr. Edwards has been independently operating his own social media and marketing company for loan officers called Seek Social, as reflected in Exhibit 1. Mr. Edwards contacted a Churchill employee directly because of his past and preexisting relationship with him at Churchill. Mr. Miller did not direct Mr. Edwards to contact any Churchill employees.

The text message upon which Churchill now purports to cancel the mediation is below:

2



This text message contains no reference to Mr. Miller. Moreover, Supreme Lending hired Mr. Edwards, who still runs his own company, in September 2025. *Id.* Therefore, even if Mr. Miller was involved in hiring Mr. Edwards at Supreme Lending, such actions would not violate the injunction against soliciting current Churchill employees. And, even if Edwards solicited a Churchill employee on behalf of Supreme Lending, Mr. Edwards is free to pursue such actions based on his own efforts and preexisting relationships. Mr. Edwards' alleged actions do not implicate Mr. Miller nor "establish a direct violation of the injunction." Doc. No. 57.

3

Critically, Supreme Lending is not subject to the injunction and has no contractual prohibition on soliciting and hiring Churchill employees. If Mr. Edwards "solicited" a Churchill employee, that in no way suggests that Mr. Miller has violated the Court's order. Plaintiff's accusations are irresponsible and unfounded.

Plaintiff's counsel's dilatory and aggressive tactics began before he sent his letter to the Court. On January 30, 2026, Plaintiff's counsel filed the Joint Statement on ADR. Doc. No. 52. In that Joint Statement, Plaintiff's counsel quoted himself to make clear that Plaintiff would **not** participate in mediation: "Churchill is not interested in a mediation at this time, but I cannot stop you/Supreme from making settlement offers." *Id.* Then, on February 12, 2026, Plaintiff's counsel asked to confer with Defendant's undersigned counsel. At that conference, Plaintiff's counsel notified Defendant's counsel that Plaintiff had reversed course and was now willing to mediate. However, the price for admission to mediation was Defendant's agreement to Plaintiff's intention to ask the Court to extend all case deadlines and continue the trial date. Although Defendant proposed only a short extension of discovery, Defendant ultimately agreed and Plaintiff filed the Joint Request for a Status Conference. Doc No. 54. At that status conference, Plaintiff's counsel articulated his client's request to continue the trial date and extend all deadlines so that the parties could meaningfully engage in mediation. The Court agreed and stayed this matter. Doc. No. 56.

Churchill reversed course almost immediately. In fact, it appears Churchill has been searching for post-hoc reasons to cancel since early this week. It seems Churchill initially tried to cancel based on issues related to another nonparty, branch manager Julie Lapham. On February 19, 2026, Plaintiff's counsel sent an email to Supreme Lending's counsel, copying Defendant's counsel, an hour before filing his letter announcing that Plaintiff was cancelling the mediation. Exhibit 2 – Markowitz 2/19/26 email to Covey. Plaintiff's counsel recounts in that email a meet

4

and confer between Plaintiff and Supreme Lending regarding allegations related to Ms. Lapham, noting that Plaintiff's counsel "was hopeful following that call that we might be able to go forward with the mediation as our conversation was far more productive than the written correspondence we received that led us to consider postponing mediation." Apparently realizing that basis was unsupported, and rather than continuing the dialogue on Ms. Lapham as promised, Plaintiff then shifted to Mr. Edwards's text message.[1] Prior to sending his letter to the Court, however, Plaintiff's counsel made no effort to confer with Defendant's counsel. He has never raised any issue with Defendant's counsel regarding Mr. Edwards. Plaintiff's counsel did not communicate with the undersigned regarding cancelling the mediation. He also did not seek to meet and confer with the undersigned about any communication with the Court before filing his letter.

The Court's only instruction to the parties was that if mediation was unsuccessful, the parties were to confer on a new schedule and file a joint motion with the Court. The Court offered no invitation to any party to file a one-sided letter seeking to blame the other party for any failure of mediation. Plaintiff chose to exclude Defendant from consideration of any of these issues (the closest Plaintiff's counsel came to communicating with Defendant's counsel was when he copied the undersigned on the email Plaintiff's counsel sent to Supreme Lending's counsel one hour before he filed his letter with the Court). *See* Exhibit 2.

Plaintiff and its counsel confuse the issues in this litigation. Defendant works for Supreme Lending, but Supreme Lending is not a party to this action. Defendant is barred from recruiting Churchill employees; Supreme is not. Supreme did plan to participate in the mediation in an effort

---

[1] Plaintiff's counsel refers to Andrew Wagner in his email (Exhibit 2). As reflected in the context of the above text message, Andrew Wagner works in Towson, Maryland. Mr. Miller's territory for Supreme Lending is the Pacific Northwest. Mr. Miller did not work with Mr. Wagner at Churchill and it makes no sense for Mr. Miller to recruit a Maryland based employee he could not support from Oregon. Mr. Miller did not direct Mr. Edwards to contact Mr. Wagner.

5

to resolve all issues between these two corporate entities for whom Mr. Miller has increasingly become a pawn. In any event, Plaintiff's stated reasons for unilaterally cancelling the mediation defy common sense. To the extent Churchill has issues with the activities of Supreme Lending, mediation likely presents the best opportunity to resolve those issues – as they cannot be resolved in this litigation to which Supreme is not a party.

Defendant remains convinced that all these issues between Churchill, Supreme, and Defendant are navigable at mediation and, in fact, that mediation is uniquely positioned to resolve this multi-party, multi-issue dynamic dispute. But the distinct impression left by Mr. Markowitz's letter is that Churchill is searching for a reason to cancel a mediation to which it agreed and represented to the Court it would undertake.

Defendant (and Supreme Lending) remain willing to mediate as scheduled. To the extent Churchill chooses not to rescind its cancellation, Defendant requests that the Court order Plaintiff to pay any cancellation fees associated with the mediation as a sanction for Plaintiff's and its counsel's dilatory and unreasonable tactics.

**Sanctions under 28 U.S.C. § 1927**

The Court should order the parties to conduct the mediation to which both agreed and which formed the basis for a scheduling modification. But if mediation is indeed unilaterally canceled, Defendant is entitled to sanctions.

28 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

6

*Id.* As this Court has noted, section 1927 sanctions are warranted when an attorney objectively "falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Nollner v. S. Baptist Convention, Inc.,* 2014 WL 4716395, at *3 (M.D. Tenn. Sept. 19, 2014), aff'd, 628 F. App'x 944 (6th Cir. 2015) quoting *Red Carpet Studios Div. of Source Advantage, Ltd.,* 465 F.3d 642, 646 (6th Cir.2006) (quoting *Ruben v. Warren City Sch.,* 825 F.2d 977, 984 (6th Cir.1987)). The purpose of sanctions under Section 1927 is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy. *Nollner* at *3. A sanctioned attorney is required to satisfy the excess costs attributable to his misconduct. *Red Carpet,* 465 F.3d at 646 (citing *Ruben,* 825 F.2d at 983).

A request for the imposition of sanctions under Section 1927 requires "a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Nollner* at *3. A Court may sanction an attorney when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings. *Id.* "There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Id.* quoting *Ridder v. City of Springfield,* 109 F.3d 288 (6th Cir.1987) (quoting *In re Ruben,* 825 F.2d at 984).

Here, Plaintiff's counsel[2] has unreasonably multiplied the proceedings and engaged in both dilatory and overly aggressive litigation tactics. One week ago, Plaintiff's counsel agreed to mediation, for which Supreme and Defendant have agreed to pay the full mediation fee. Plaintiff's

---

[2] Defendant's request for sanctions is directed at Plaintiff's lead counsel and author of the letter. Defendant does not seek sanctions against Plaintiff's local counsel, Stephen Price. Based on experience in this case, it is unlikely that Mr. Markowitz consulted Mr. Price prior to filing his letter.

7

counsel then requested that Defendant agree to extend all deadlines in this case and continue the trial date for the express purposes of conducting an early mediation. Defendant believed that only a short extension of discovery was necessary. While Defendant is anxious to conclude this litigation, Defendant agreed to Plaintiff's request and joined Plaintiff's request to the Court. In response to Plaintiff's commitment to mediate, the Court stayed the litigation.

Plaintiff's counsel's action in agreeing to mediation, then using the mediation to obtain a delay of every facet of this litigation reflects dilatory litigation practice. Having gained the advantage of delay, Plaintiff's counsel unilaterally seeks to cancel the mediation and try to blame Defendant for the cancellation all while recklessly accusing Defendant of violating the Court's injunction. These aggressive, contradictory tactics far exceed zealous advocacy.

Plaintiff's counsel's actions over the last two weeks have multiplied these proceedings unreasonably. Defendant has made arrangements to travel from his home in Oregon to attend the February 26, 2026 mediation. Defendant's counsel has turned from discovery matters to preparing for mediation (and now to preparing this motion). All these actions (and costs) will be for naught now that Plaintiff has taken steps to cancel the mediation. The resolution of this case also has been delayed, solely because of Plaintiff and its counsel's cynical flip flops.

The circumstances of this case justify sanctions against Plaintiff's counsel in the form of an award for Defendant's travel expenses, Defendant's fees in pursuing this motion, and an order requiring Plaintiff to pay any fees associated with cancelling the mediation[3]. Plaintiff and its counsel abused the judicial process by first refusing to engage in mediation, then agreeing to mediation coupled with seeking a continuance of all deadlines and trial, and then unilaterally

---

[3] If mediation is rescheduled due to Plaintiff's unilateral attempt to cancel mediation, the parties will attempt to avoid unnecessary cancellation fees and costs, but to the extent any cannot be avoided, Plaintiff should be forced to pay all such fees and costs.

cancelling the mediation supposedly because of the alleged conduct of non-parties (Edwards and Supreme Lending); all of this against the false backdrop of an accusation that Defendant used Mr. Edwards to violate the Court' preliminary injunction.

**Conclusion**

For the above stated reasons, including the impertinent, unsupported, and reckless nature of Plaintiff's counsel's letter and Plaintiff's counsel's flouting of this Court's procedures that discourage this very type of letter, Defendant requests that the Court strike Plaintiff's counsel's letter to the Court, order the parties to participate in mediation, and levy sanctions against Plaintiff's lead counsel.

Respectfully submitted,

*/s/ William S. Rutchow*
William S. Rutchow, TN #017183
Morgan T. Cage, TN #042357
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Truist Plaza
401 Commerce Street, Suite 1200
Nashville, TN 37219-2446
Telephone: 615-254-1900
Facsimile: 615-254-1908

*Attorneys for Defendant Jeffrey Miller*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of February 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Courts' electronic filing system upon all registered participants.

Stephen H. Price
JACKSON LEWIS, P.C.
611 Commerce Street, Suite 2803
Nashville, TN 37203
stephen.price@jacksonlewis.com

Lucas Markowitz (*pro hac vice*)
Sean Hennessy(*pro hac vice*)
Arielle Stephenson (*pro hac vice*)
MITCHELL SANDLER PLLC
2020 K. Street NW, Suite 760
Washington, DC 20006
lmarkowitz@mitchellsandler.com
shennessy@mitchellsandler.com
astephenson@mitchellsandler.com

*/s/ William S. Rutchow*
William S. Rutchow